LAW OFFICE OF DAVID J. DON, PLLC
301 E. Bethany Home Rd., Suite B-100
Phoenix, Arizona 85012
Tel:  480-948-1212
Fax: 480-422-9029
Email: David.Don@azbar.org

David J. Don (016462)
*Attorney for Plaintiff David Bodley*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| DAVID BODLEY, an individual; | ) | Case No.: |
| Plaintiff, | ) | **COMPLAINT** |
| vs. | ) | |
| MACAYO RESTAURANTS, L.L.C., an | ) | (Temporary and Permanent Injunctive Relief |
| Arizona limited liability company, | ) | Demanded) |
| Defendant | ) | |
| | ) | |
| | ) | |

Plaintiff, David Bodley ("Plaintiff"), sues the Defendant, Macayo Restaurants, L.L.C.

("Defendant"), for injunctive relief, compensatory damages, attorneys' fees and costs pursuant to

the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq. ("ADA") and the Arizonans with

Disabilities (AzDA), A.R. S. § 41- 1492, et seq.

**JURISDICTION AND VENUE**

1.      This action arises from a violation of Title III of the Americans with Disabilities Act, 42

U.S.C. § 12181, et seq. and the Arizonans with Disabilities Act (AzDA), A.R. S. § 41- 1492, et

seq. This Court has original jurisdiction pursuant to 28 U.S.C.§ 1331 and 28 U.S.C. § 1343 and

supplemental jurisdiction under 28 U.S.C. § 1367.

2.      Defendant is an Arizona limited liability company doing business in Maricopa County,

Arizona.

3.      Defendant has long ago received notice of its obligation to comply with the ADA.

Defendant has had actual and constructive notice of its obligations under the ADA since 1993:

1  actual notice by virtue of notification provided by the Arizona Department of State, and

2  constructive notice by virtue of the enactment of the ADA and the associated publicity.

3  4.       Defendant either owns, operates, leases or leases to others a restaurant located at 1920

4  South Dobson Road, Mesa, Maricopa County, Arizona.

5  5.       Defendant's restaurant is a place of public accommodation.

6  6.       Venue is proper as the property which is the subject matter of this claim is located at 1920

7  South Dobson Road, Mesa, Maricopa County, Arizona and the Defendant is doing business at

8  1920 South Dobson Road, Mesa, Maricopa County, Arizona.

9
10                          **THE PARTIES AND STANDING**

11  7.       Plaintiff, David Bodley, is an Arizona resident, sui juris, and disabled, requiring the use of

12  a wheelchair.

13  8.       Plaintiff visited the Defendant's property on or about August, 2006, with the primary

14  purpose of enjoying the products or services at the restaurant.

15  9.       Plaintiff resides in Mesa, Arizona and travels to Defendant's property and plans to return

16  to the Defendant's property to avail himself of the goods, services, privileges, advantages or

17  accommodations offered to the public at the Defendant's restaurant.

18                          **STATEMENT OF THE CLAIM**

19
20  10.      Plaintiff  David Bodley feels fortunate that lawmakers have designed a legal remedy for

21  disabled people, through the ADA and the AzDA, to eliminate discrimination.

22  11.      For a person in a wheelchair, like David Bodley, disability discrimination means the

23  difference between gaining accessibility to a building and enjoying a sense of autonomy or facing

24  exclusion and feelings of dependency.  The difference might be measured in mere inches.  The

25  same measurements that an able-bodied person might so casually ignore can work as complete and

26

1    insurmountable barriers for a person in a wheelchair, seemingly long as miles or high as

2    mountains.  Thus, the ADA has implementing regulations that guide property owners in

3    constructing and building with measurements down to the inch-- down to the measurements that

4    matter to the people like David Bodley who need them.

5    12.    The rationale for regulatory details found in the ADA came after years of study and fact-

6    finding, involving at least 13 Congressional hearings, and input from over 30,000 people. *See*

7    *Board of Trs. of the Univ. of Ala.* v. *Garrett*, 531 U.S. 356, 390-91 (2001) (Breyer, J., dissenting).

8

9    13.    This Defendant has chosen to deny Plaintiff access to various areas of its properties.

10   14.    The barriers to access encountered by Plaintiff at the restaurant include, among other

11   things:

12        a.    Width of the "accessible" stall in the men's restroom is only 39 inches, in violation
                of ADA Accessibility Guidelines (ADAAGs) 4.17.3

13
          b.    Height of lavatory counter in the men's restroom is 38 inches, in violation of
14              ADAAG 4.19.2

15   15.    Further details about the architectural barriers on the property are contained in the

16   photographs attached as Exhibit 1.  Plaintiff expects that a comprehensive ADA site inspection

17   will reveal numerous other details about the architectural barriers to access that Plaintiff

18   encountered at Defendant's property.

19
20   16.    Defendant is required to adhere strictly to the ADAAGs because, upon belief, the property

21   was constructed or altered since 1992.

22   17.    In addition to the aforementioned architectural barriers, Plaintiff also experienced

23   discriminatory treatment at Defendant's restaurant based on his disability, violating the ADA and

24   AzDA.  For instance, Defendant promotes a free food buffet during "happy hour" for any patron

25   buying a drink at the upstairs portion of the restaurant.  Plaintiff, however, has been unable to

26

avail himself of this offer because no elevator was available for him to access the upstairs portion.

Plaintiff has requested that a server assist him in purchasing the drink upstairs and bringing him a

plate of food from the buffet to consume in the accessible downstairs portion of the restaurant.

The server refused and instead suggested that Plaintiff "find a friend" to carry him upstairs.  The

server also said that even if a friend purchased a drink and obtained the food for Plaintiff and then

brought it down to him, the food could not be eaten by in the main downstairs portion of the

restaurant (where others were openly eating food), but must be eaten on the downstairs patio.  This

was unacceptable to Plaintiff because it was mid-August and the heat on the patio was unbearable.

At a later time, Plaintiff asked the restaurant's general manager about this incident and was told

that the staff had done nothing wrong and that this was indeed "company policy."

18.      As a result of these barriers Plaintiff was denied access to the full and equal enjoyment of

the goods, services, facilities, privileges, advantages or accommodations which are available at

Defendant's restaurant.

19.      As a result of the aforementioned barriers Plaintiff was denied access to the full and equal

enjoyment of the goods, services, facilities, privileges, advantages or accommodations which are

available at Defendant's restaurant.

20.      Defendant is obligated to remove barriers which impair a disabled person's access to the

use and enjoyment of the Defendant's restaurant.

21.      Removal of each of the barriers to access existing at Defendant's restaurant is readily

achievable.

22.      Plaintiff will suffer continued discrimination if the barriers to access existing at

Defendant's restaurant are not removed.

23.      Plaintiff is without adequate remedy at law and is suffering irreparable harm.

1   **WHEREFORE,** Plaintiff respectfully requests:

2       a.    A temporary injunction and a permanent injunction prohibiting Defendant from conducting business at the restaurant until such time as the existing barriers to Plaintiff's access to the properties are removed.

3

4       b.    An order directing Defendant to remove existing barriers to access and to make the Defendant's restaurant accessible to and usable by individuals with disabilities as required by the ADA.

5       c.    An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. 12205.

6       d.    Compensatory damages, pursuant to AzDA.

7       e.    Such other relief as the Court deems just and proper.

8

9   RESPECTFULLY SUBMITTED THIS 26th day of April, 2007.

10

11   By: /s/ David J. Don
       David J. Don
       *Attorney for Plaintiff David Bodley*

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26