**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Bodley, an individual, | No. CV07-0876-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Macayo Restaurants, LLC, an Arizona limited liability company, | |
| Defendant. | |

Defendant has filed a motion for summary judgment. Dkt. #32. Plaintiff has filed a motion to strike. Dkt. #36. For the reasons set forth below, the Court will grant in part and deny in part Defendant's motion and will grant Plaintiff's motion.[1]

**I.   Background.**

Macayo's Mexican Kitchen is a two-story restaurant located in Mesa, Arizona. On weekdays during "happy hour," Macayo's offers discounted drink prices and complimentary appetizers. The drinks and food are made available on the upstairs level of the restaurant, which contains a bar and small seating area. The restaurant does not have an elevator. Plaintiff David Bodley, a regular patron of Macayo's, uses a wheelchair and is unable to access the upstairs floor.

---

[1] Plaintiff's request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.*, 171 F.3d 1197, 1200 (9th Cir.1999). In the future, Plaintiff's counsel should comply with the font and type size requirements of the Court's local rules. *See* LRCiv 7.1(b)(1). Both the text and footnotes of Plaintiff's filings violate the rules.

In August of 2006, Plaintiff and his wife visited Macayo's hoping to receive the happy hour items and prices. According to Plaintiff, the restaurant permitted Plaintiff's wife to obtain the happy hour food and drinks from the upstairs area, but required them to be seated in the first-floor outdoor patio section of the restaurant even though it was hot outside and other customers were eating in the first floor's inside dining section. Plaintiff also alleges that his access within the restaurant is impeded by several architectural barriers.[2]

Plaintiff filed suit against Defendant, alleging that he was discriminated against during the August 2006 happy hour service and that the restaurant is inaccessible in violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, *et seq.*, and the Arizonans with Disabilities Act ("AzDA"), A.R.S. § 41-1492, *et seq.* Dkt. #1.[3]

**II.    Legal Standard.**

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Only disputes over facts that might affect the outcome of the suit will preclude the entry of summary judgment, and the disputed evidence must be "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may be entered against a party who "fails to make a

---

[2] In his response to Defendant's motion, Plaintiff discusses subsequent incidents that are not alleged in his complaint. *See* Dkt. #34 at 5. Where new factual theories are introduced for the first time in a response to a motion for summary judgment, these theories do not preclude the entry of summary judgment. *See Pickern v. Pier 1 Imports Inc.*, 457 F.3d 963, 968-69 (9th Cir. 2006). The Court's review of Defendant's conduct with respect to its happy hour services therefore is limited to the only incident alleged in the complaint, which took place in August of 2006 (*see* Dkt. #1 ¶¶ 8, 17).

[3] The complaint also alleges that an employee of the restaurant remarked that Plaintiff should "'find a friend' to carry him" should he wish to obtain the happy hour food and drink upstairs. Dkt. #1 ¶17. Plaintiff testified, however, that this single event occurred ten years ago (Dkt. #33 ¶C5), well outside of the two-year statute of limitations applicable to this action. *See Pickern v. Holiday Quality Food Inc.*, 293 F.3d 1133, 1137 n.2 (9th Cir. 2002); A.R.S. § 41-1492.08(C).

1  showing sufficient to establish the existence of an element essential to that party's case, and
2  on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S.
3  317, 322 (1986).

**III.    Discussion.**

The ADA and AzDA prohibit places of public accommodation from discriminating against individuals with disabilities. *See* 28 C.F.R. § 36.201(a); A.R.S. § 41-4192.02. The parties do not dispute that Plaintiff is a qualified individual with a disability or that Macayo's is a place of public accommodation.

**A.    Happy Hour Service.**

Plaintiff claims that the treatment he received during his August 2006 visit amounted to unlawful discrimination. *See* Dkt. #1. Title III of the ADA provides that "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation[.]" 42 U.S.C. § 12182(a).

In evaluating Plaintiff's discrimination claim, it is first important to understand what Plaintiff does not argue. Plaintiff does not contend that Macayo's violated the ADA by failing to install an elevator that would transport him to the second floor bar where happy hour drinks and food were available. Nor does Plaintiff contend that he was denied happy hour benefits on the day in question; he admits that he received the drinks and food at happy hour prices. Finally, Plaintiff does not contend that Macayo's discriminated against him by requiring his wife to go to the second floor bar to retrieve the drinks and food. He testified that this "is normal anyway. You self-serve." Dkt. #35, Ex. 1, p.53:8.

The crux of Plaintiff's grievance is that he and his wife were seated in the first floor's outside patio, rather than the first floor's inside dining section. *Id.* at p.53:9-11. With respect to this claim, the parties present directly conflicting versions of Macayo's policy.

Defendant contends that it has a ten-year-old policy of accommodating requests from disabled patrons to be seated on the first floor during happy hour, inside or outside. Dkt. #33 ¶¶ 12-15, Exs. 3, 4. Defendant asserts that all of its employees are trained in this policy and

1 that a written version of the policy is now placed throughout the restaurant. *Id.* Defendant
2 attaches a copy of the written policy to its statement of facts. *Id.* Ex. 4.

3 Plaintiff provides two responses to these assertions. First, Plaintiff asks the Court to
4 strike Defendant's written policy because it was not produced during discovery (Dkt. #36),
5 a request the Court will grant. Second, Plaintiff asserts that Defendant's policy – even if it
6 was in place – has never been followed. To support this assertion, Plaintiff presents his own
7 experience: Plaintiff testified in his deposition that "*[n]obody* is permitted to sit inside for
8 happy hour unless you go upstairs." *Id.* at p.54:13-15 (emphasis added). Although he has
9 been to Macayo's many times over the past twelve years, Plaintiff testified that he has "never
10 observed *anybody* have happy hour inside" on the first floor. *Id.* at pp.54:17-18, 58:14-20
11 (emphasis added).

12 The Court is thus presented with two contrasting versions of the policy – either
13 patrons who request happy hour on the first floor are accommodated, including inside
14 seating, or no patron is allowed to receive happy hour specials inside on the first floor. If
15 Plaintiff's version of the policy is accepted, as it must be at this summary judgment stage,
16 then discrimination "on the basis of disability" did not occur at the restaurant. *See* 42 U.S.C.
17 § 12182(a). Plaintiff's only complaint is that he was required to sit outside while drinking
18 and eating the happy hour specials. Under Plaintiff's version of Defendant's policy,
19 however, this rule applies to all patrons receiving happy hour specials on the first floor,
20 disabled and non-disabled. Plaintiff therefore was provided the same happy hour option
21 afforded any other patron unwilling or unable to visit the upstairs bar – to get the food
22 upstairs and sit on the first-floor patio. While Plaintiff states that other customers were
23 eating inside in August of 2006, he does not contend that they were enjoying happy hour
24 food, drinks, and prices inside. Nor does Plaintiff claim that disabled individuals generally
25 must eat outside. To the contrary, Plaintiff asserts that he has eaten inside on the first floor
26 on many occasions.

27 Thus, if the Court accepts Plaintiff's description of Defendant's happy hour policy,
28 Plaintiff's request to be seated inside was not a request for a modification that would enable

- 4 -

1  him to enjoy a good or service on equal terms with those who are not disabled. It was a
2  request for preferential treatment – to be seated inside despite the fact that others receiving
3  happy hour drinks and food on the first floor must eat outside. The ADA mandates only
4  equal enjoyment of goods and services offered by a place of public accommodation. *See* 28
5  C.F.R. § 36.201(a); 28 C.F.R. § 36.202(b).[4]

6  In addition, Plaintiff has failed to present evidence that he affirmatively requested an
7  accommodation that was tied to his disability. He testified that he made no such request.
8  Dkt. #35 Ex. 1 at p. 64:3-5. Although he asserted that his wife made clear she was not
9  happy, he provides no evidence that she made a disability-related request on behalf of her
10 husband to be seated inside. *See id*. at p. 64:5-7; *Fortyune v. Am. Multi-Cinema, Inc.*, 364
11 F.3d 1075, 1082 (9th Cir. 2004) ("An individual alleging discrimination under Title III must
12 show that . . . the defendant discriminated against the plaintiff based upon the plaintiff's
13 disability by (a) failing to make a *requested* reasonable modification that was (b) necessary
14 to accommodate the plaintiff's disability.") (emphasis added).

15 Plaintiff's argument that seating outside violates the ADA integration requirement
16 found in 42 U.S.C. § 12182(b)(1)(B) also falls short. This provision ensures that individuals
17 with disabilities are not isolated by places of public accommodation. *See Townsend v.*
18 *Quasim*, 328 F.3d 511, 518-19 (9th Cir. 2003). If Plaintiff's testimony is credited, any
19 separation was based on whether a customer wished to receive happy hour specials on the
20 first floor, not on disability. That there were no other customers at the time Plaintiff and his
21 wife were seated on the patio does not transform the first floor seating policy into one that
22 is premised on disability-based segregation. Plaintiff has provided no evidence that

---

[4]One might wonder whether the only people who receive happy hour specials on the first floor are those who are disabled from accessing the stairs to the second floor bar, and whether the practical effect of the policy described by Plaintiff is therefore to relegate only disabled persons to the outside patio. But Plaintiff does not make this assertion or present evidence to support it, and there may be other reasons for individuals to choose not to receive happy hour on the second floor, such as those who prefer not to climb the stairs or those who dislike a bar setting.

- 5 -

1  individuals with disabilities were seated outside regardless of whether they are taking part
2  in the happy hour specials, or that non-disabled persons were permitted to receive happy hour
3  specials inside on the first floor.

### B. Accessibility of the Restaurant.

5  Defendant asserts that Plaintiff's claim regarding the architectural barriers at
6  Macayo's is barred by a two-year statute of limitations. *See* Dkt. #32. In support of its
7  argument, Defendant cites *Garcia v. Brockway*, 503 F.3d 1092 (9th Cir. 2007), which held
8  that the statute of limitations in a Fair Housing Act challenge to a building's design and
9  construction begins to run when the design and construction are completed. *Id*. Even if
10 *Garcia* could be viewed as applicable to an action under the ADA, the Ninth Circuit recently
11 agreed to rehear the case en banc and instructed that the case "shall not be cited as precedent
12 by or to any court of the Ninth Circuit." *Garcia v. Brockway*, Nos. 05-35674, 06-15042, ---
13 F.3d ----, 2008 WL 90233 (9th Cir. Jan. 7, 2008). The Court therefore cannot rule in
14 Defendant's favor on the basis of *Garcia*.

15 Defendant also contends that Plaintiff's accessibility claim is time-barred because
16 Plaintiff has been visiting Macayo's for at least twelve years and has presumably encountered
17 the alleged barriers during that period. Dkt. #32 at 9. "Because the ADA does not contain
18 a statute of limitations, the court must apply the statute of limitations of the most analogous
19 state law." *Pickern v. Holiday Quality Food Inc.*, 293 F.3d 1133, 1137 n. 2 (9th Cir. 2002).
20 The most analogous Arizona law is the two-year limitations period contained in A.R.S. § 41-
21 1492.08(C). That statute provides, however, that "[a] person may file a civil action . . . not
22 later than two years after the occurrence *or the termination* of an alleged discriminatory
23 public accommodation practice[,] *which ever occurs last*[.]" (Emphasis added.) Because this
24 limitations period would not expire until two years after the termination of the alleged
25 barriers in this case, Plaintiff's claim is not time-barred. *See also Pickern*, 293 F.3d at 1136-
26 37 (suggesting that existing barriers at a place of public accommodation constitute an
27 ongoing violation of the ADA and that an action to remove them is not time-barred even
28 though the plaintiff may have known about them for some time).

1    Defendant also appears to suggest that the architectural barriers claim is limited to the
2 barriers specifically identified in the complaint. *See* Dkt. #33 ¶9. The Ninth Circuit has held,
3 however, that an ADA claim may include physical barriers identified through discovery. *See*
4 *Doran v. 7-Eleven, Inc.*, 506 F.3d 1191, 1198-99 (9th Cir. 2007).

5    As to the accessibility issues themselves, Title III discrimination includes "a failure
6 to remove architectural barriers . . . where such removal is readily achievable[.]" 42 U.S.C.
7 § 12182(b)(2)(A)(iv). "Readily achievable" means "easily accomplishable and able to be
8 carried out without much difficulty or expense." *Id.* at § 12181(9). Plaintiff's expert has
9 identified several architectural barriers at Defendant's facility.[5]

10    Plaintiff's expert states that one of Macayo's parking spaces is designated as "van
11 accessible." Dkt. #33 Ex. 8 at 2. According to the expert, however, the access aisle between
12 the accessible parking spaces is 60 inches, even though the Americans with Disabilities Act
13 Accessibility Guidelines ("ADAAG") require an access aisle to be 96 inches wide for vans.
14 *Id.*; ADAAG, Fig. 9. The parties' experts also disagree as to whether the accessible parking
15 spaces are "located on the shortest accessible route of travel from adjacent parking to an
16 accessible entrance" in compliance with ADAAG 4.6.2 (*see* Dkt. #33 Ex. 6 at 3; Dkt. #33
17 Ex. 8 at 2).

18    Plaintiff's expert has identified an accessibility problem with Macayo's ramp to the
19 patio area. The clear space between the ramp's handrails and the wall is to be 1.5 inches (*see*
20 ADAAG, 4.8.5(3)), but the expert calculated the clear space to be 3 inches. Dkt. #33 Ex. 8
21 at 6. The expert also found that the handrails are mounted at a height of 42 inches, even
22 though ADAAG requires handrails to be mounted between 34 and 36 inches above ramp
23 surfaces (*see* ADAAG, 4.8.5(5)). *Id.* Similarly, ADAAG requires certain spaces to provide
24 80 inches (above the finished floor) of head room. ADAAG, 4.4.2. Plaintiff's expert
25 measured a hanging light fixture to be only 78 inches. Dkt. #33 Ex. 8 at 8.

---

[5] Defendant argues that it is not subject to the new construction and design standards of the Americans with Disabilities Act Accessibility Guidelines, but is subject to the "readily achievable" standard. Dkt. #32 at 6. Defendant seems to agree. Dkt. #34 at 8.

- 7 -

1    Plaintiff's expert found that the restaurant's public telephone can be accessed only by
2 forward approach, and opines that the ADAAG therefore requires that the highest operable
3 part of the telephone be 48 inches above the floor. ADAAG, 4.2.5, 4.31.3. Plaintiff's expert
4 measured the highest operable part of a Macayo's telephone at 55 inches above the floor.
5 Dkt. #33 Ex. 8 at 9. Defendant's expert disagrees, claiming that Macayo's telephone may
6 be accessible from the side and is mounted properly. Dkt. #33, Ex. 6 at 6.

7    Plaintiff's expert further contends that the handrails on Defendant's staircase are not
8 continuous and do not appropriately extend beyond the top and bottom risers. Dkt. #33 Ex.
9 8 at 10 (citing ADAAG, 4.9.4(2)). Defendant's expert asserts that the handrails are
10 continuous, but does not discuss the extension of the handrails beyond the risers. Dkt. #33,
11 Ex. 6 at 4.

12    With respect to the men's restroom, Defendant's expert admits that the men's stall
13 "does not comply with the preferred ADAAG standard . . . , but [states that] it does comply
14 with the less accessible standard . . . set out in ADAAG 4.17.3." Dkt. #33 Ex. 6 at 5. Section
15 4.17.3 enables facilities to provide an alternative accessible stall where providing a standard
16 one "is technically infeasible or where plumbing code requirements prevent combining
17 existing stalls to provide space." There is no indication, however, that these circumstances
18 are present at Defendant's restaurant. The same is true for Plaintiff's claim regarding the
19 larger of the three women's stalls. *See* Dkt. #33 Ex. 6 at 6.

20    Questions of fact preclude summary judgment on each of these accessibility issues.
21 These questions of fact include whether the remedial measures are readily achievable. *See*
22 Dkt. #33 Ex. 8 (listing estimated costs of corrective action, including some with no cost at
23 all); *see also* 42 U.S.C. § 12181(9) (listing factors that may be considered in a "readily
24 achievable" analysis, including the cost of the corrective action and financial resources of the
25 place of public accommodation).

26    According to Plaintiff's expert, there is an accessible seating location in the main
27 dining area and the patio area "where a minimum of five percent of both areas are required
28 to provide accessible tables." Dkt. #33 Ex. 8 at 4. ADAAG requires "at least five percent,

- 8 -

1 but not less than one, of the fixed or built-in seating areas or tables" to be accessible.
2 ADAAG, 4.1.3(18). Because Plaintiff's expert provides no information on the total number
3 of tables in the seating area, Plaintiff has failed to present sufficient evidence from which a
4 trier of fact could find that the seating area is insufficient for ADAAG purposes. On this
5 issue, Plaintiff has not presented evidence sufficient to defeat Defendant's motion for
6 summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (the disputed
7 evidence must be "such that a reasonable jury could return a verdict for the nonmoving
8 party").

### IV. Mootness and Standing.

Defendant argues that Plaintiff's barriers claim is moot because no barriers exist. As explained above, however, Plaintiff's evidence creates a question of fact at to the existence of barriers.

Defendant also argues that Plaintiff lacks standing. The Ninth Circuit has held that a plaintiff in an ADA barriers case satisfies the injury requirement of standing if he has encountered barriers at the defendant's premises and is deterred from patronizing the facility because of those barriers. *See Doran,* 506 F.3d at 1195-96 ("Doran has suffered an injury that is concrete and particularized because he alleged that he personally suffered discrimination as a result of the barriers in place during his visits to 7-Eleven and that those barriers have deterred him from continuing to patronize the store."); *Pickern*, 293 F.3d at 1137-38 ("We hold that in stating that he is currently deterred from attempting to gain access to the Paradise store, Doran has stated sufficient facts to show concrete, particularized injury."). Plaintiff has presented evidence that he has encountered barriers at Defendant's restaurant in the past and usually calls in orders because he is uncomfortable on Defendant's premises. Dkt. #35, ¶¶ 5, 8. This evidence is sufficient to satisfy the injury requirement of standing.

### V. Motion to Strike.

Plaintiff moves to strike Exhibit 4 of Defendant's Statement of Facts. Dkt. #36. Defendant admits that the exhibit was not produced during discovery. Dkt. #38 at 2. The

- 9 -

1 Court will grant the motion and has disregarded the exhibit for purposes of ruling on the
2 motion for summary judgment.

3 **IT IS ORDERED:**

4 1. Defendant's motion for summary judgment (Dkt. #32) is **granted in part and denied in part**. The motion is granted with respect to Plaintiff's happy hour discrimination claim and the seating areas portion of Plaintiff's accessibility claim. It is denied in all other respects.

8 2. Plaintiff's motion to strike (Dkt. #36) is **granted**.

9 3. The Court will schedule a final pretrial conference by separate order.

10 DATED this 4th day of March, 2008.

David G. Campbell
United States District Judge