**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Bodley, an individual, | No. CV-07-876-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Macayo Restaurants, L.L.C., an Arizona limited liability company, | |
| Defendant. | |

Defendant has filed a motion to exclude Plaintiff from presenting evidence at trial (Dkt. #45) and a motion to exclude Plaintiff from presenting his expert witness at trial (Dkt. #42). Plaintiff has filed responses. Dkt. ##45-46. These motions were addressed at the final pretrial conference held on May 7, 2008. For the reasons set forth below, the Court will grant Defendant's motion to preclude Plaintiff from presenting evidence at trial and, in light of this order, will dismiss Plaintiff's complaint with prejudice.

**I.   Background.**

Defendant operates a restaurant in Mesa, Arizona. Plaintiff alleges that Defendant discriminated against him in August 2006 and that Defendant's restaurant is inaccessible in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq.*, and the Arizonans with Disabilities Act, A.R.S. § 41-4192, *et seq.* Dkt. #1. The Court entered an order on March 4, 2008, granting Defendant's motion for summary judgment on Plaintiff's discrimination claim and denying the motion on Plaintiff's inaccessibility claim. Dkt. #39.

1  On the same date – March 4, 2008 – the Court entered an Order Setting Final Pretrial Conference (the "Order"). Dkt. #40. The Order scheduled the final pretrial conference for May 7, 2008, at 4:00 p.m. The Order directed that "[t]he parties jointly shall prepare a Proposed Final Pretrial Order and shall lodge it with the Court no later than **4:00 p.m.** on **April 16, 2008**." *Id.* ¶ 2 (emphasis in original). This Proposed Final Pretrial Order ("PFPO") is a critical document at the final pretrial conference and during trial. It contains the parties' joint statement of all stipulated and uncontested facts, all factual and legal issues to be tried, all witnesses and exhibits to be presented, all depositions to be presented, and all objections to exhibits and witnesses. It also sets forth a joint estimate of the time needed for trial, whether a jury has been demanded, and other information necessary to the Court's setting of a firm trial date with specific time limits.

The Order also required the parties, before the final pretrial conference, to brief all motions in limine and submit proposed jury instructions if a jury trial was to be held, or proposed findings of fact and conclusions of law for a bench trial. *Id.* ¶¶ 7-9. The purpose of this information, of course, is to enable the parties and the Court to schedule the trial, allocate sufficient time on the Court's calendar for its completion, address all issues that must be resolved in advance of the trial, ensure that the parties are fully prepared for trial, and eliminate surprises. As the parties were informed at the initial Rule 16 conference in this case, the Court sets a firm trial date at the final pretrial conference, usually within two months of the final pretrial conference. *See* Dkt. ##13, 14 ¶ 9. Setting firm and prompt trial dates at final pretrial conferences is critical to the Court's management of its civil docket and accommodation of its demanding criminal docket.

The Order was very specific in setting forth steps the parties were to complete before the final pretrial conference. The Order required the parties to "exchange drafts of the [PFPO] no later than **14 days** before the submission deadline [of April 16, 2008]." *Id.* ¶ 5 (emphasis in original). Thus, the parties were to exchange their drafts of the PFPO no later than April 2, 2008. The Order assigned to Plaintiff "the burden of initiating communications concerning the [PFPO]." *Id.* The Order specified the form of the PFPO to be used by the

1  parties and referred them to the Court's website for a copy. *Id.* ¶ 3. The Court has found that
2  compliance with this 14-day period is critical if the parties are to have a truly joint and
3  complete PFPO by the submission deadline. And only if the PFPO is joint and complete will
4  the purposes of the Order and the final pretrial conference be accomplished.

5  The Court accordingly made clear that full compliance with the Order was mandatory.
6  The Order contained this clear warning: "The Court will not allow the parties to offer any
7  exhibit, witness, or other evidence that was not disclosed in accordance with the provisions
8  of this Order and the Federal Rules of Civil Procedure and listed in the [PFPO], except to
9  prevent manifest injustice." *Id.* ¶ 4. The Order further required the parties to "meet in person
10 and exchange marked copies of all exhibits to be used at trial no later than **14 days** before
11 the submission deadline for the [PFPO]," and stated that "any exhibit not marked and
12 exchanged at this meeting shall be precluded at trial." *Id.* ¶ 6 (emphasis in original). The
13 final sentence of the Order stated that "[f]ull and complete compliance with this Order shall
14 be required by the Court." *Id.* ¶ 12.

15 Despite these precise dates and explicit warnings, Plaintiff failed to participate in the
16 preparation of the PFPO. Plaintiff's counsel did not initiate the exchange of PFPO drafts as
17 required by the Order. Plaintiff's counsel did not exchange a draft of the PFPO with defense
18 counsel by that date. And Plaintiff's counsel did not meet with defense counsel by April 2,
19 2008 to exchange marked copies of all exhibits.

20 Instead, having heard nothing from Plaintiff's counsel on these issues, defense counsel
21 contacted Plaintiff's counsel by email on April 1, 2008. The email included defense
22 counsel's draft of the PFPO and invited Plaintiff's counsel's participation in preparation of
23 a joint PFPO. Dkt. #41, Ex. 1. The email also asked Plaintiff's counsel to "let me know
24 when you want to meet to exchange exhibits." *Id*.

25 Plaintiff's counsel did not respond. Defense counsel sent another email on April 2,
26 2008 – the date by which the parties were to meet and exchange drafts of the PFPO and trial
27 exhibits. *Id*. Defense counsel again provided copies of the draft PFPO, along with exhibit
28 and witness lists, and reminded Plaintiff's counsel of the schedule set forth in the Order. *Id*.

1  Defense counsel asked Plaintiff's counsel to notify him as to when they could meet in person.
2  Defense counsel also called Plaintiff's counsel to make arrangements for a meeting. *Id.*

3  The following day, April 3, 2008, an assistant to Plaintiff's counsel sent an email
4  stating that Plaintiff's counsel was in a deposition and may be able to set up a time for a
5  telephone call. *Id.* No such call was scheduled. Defense counsel sent additional emails. On
6  April 4, 2008, the assistant stated that Plaintiff's counsel was in a seminar all day but would
7  call by noon. *Id.* Plaintiff's counsel did not call. Further emails were sent by defense
8  counsel on April 4, 7, and 9, 2008. Plaintiff's counsel never responded by providing a draft
9  PFPO, copies of exhibits, or any other information as required by the Court's Order.

10  The Court's deadline for filing the joint PFPO was 4:00 p.m. on April 16, 2008.
11  Approximately two hours before this deadline, Plaintiff's counsel sent a draft PFPO to
12  defense counsel. Dkt. #47. This was the first time defense counsel had seen Plaintiff's
13  statement of stipulated and uncontested facts, factual and legal issues for trial, witnesses,
14  objections, depositions, etc. Because there was not sufficient time to respond to or
15  incorporate this information, defense counsel filed his own PFPO by the deadline and
16  notified Plaintiff's counsel that he had done so. *Id.* Plaintiff's counsel did not attempt to
17  meet the deadline. Instead, in an email sent to the Court at 5:40 p.m. on April 18, 2008,
18  Plaintiff's counsel provided his unilateral version of the PFPO. Plaintiff's version was
19  substantially different from the version filed by defense counsel by the Court's deadline.
20  Although there was overlap, Plaintiff's draft PFPO differed significantly.

21  Of course, the Court's receipt of separate and dissimilar drafts of the PFPO
22  completely defeated the purpose of the final pretrial conference. A divergence of views
23  about the nature of the trial was precisely what the Court had intended to avoid by
24  establishing a clear and strict schedule for the parties to confer and prepare a joint PFPO.
25  The Court was unable to hold a meaningful final pretrial conference on May 7, 2008, as had
26  been scheduled for more than two months.

27  **II.   Discussion.**

28  As noted, the Order specifically stated that "[t]he Court will not allow the parties to

- 4 -

1  offer any exhibit, witness, or other evidence that was not disclosed in accordance with the
2  provisions of this Order . . . and listed in the Final Pretrial Order, except to prevent manifest
3  injustice." Dkt. #40, ¶ 4. The Order further stated "any exhibit not marked and exchange
4  [by April 2, 2008] shall be precluded at trial." *Id*. ¶ 6. Finally, the Order stated that "[f]ull
5  and complete compliance with this Order shall be required by the Court." *Id*. ¶ 12.
6  Defendant now asks the Court to be true to its word.

7  During the hearing that was to be the final pretrial conference, Plaintiff's counsel
8  confirmed that he received a copy of the Court's Order on March 4, 2008. He confirmed that
9  the Order contained all of the provisions quoted above. Although he mentioned a busy law
10 practice, he was unable to provide any reasonable explanation as to why he failed to comply
11 with the Order. Given this lack of diligence on the part of Plaintiff's counsel, the Court
12 concludes that enforcement of the specific terms of the Order would not be manifestly
13 unjust.[1]

14 Unfortunately, this is not the only instance of Plaintiff's non-compliance in this case.
15 When defense counsel sought to schedule the deposition of Plaintiff's expert, Plaintiff's
16 counsel said he would confer with the expert and get back to defense counsel. Dkt. #42,
17 Ex. 1. Despite several reminder emails, Plaintiff's counsel never responded with available
18 dates, never produced the expert for deposition, and never produced the expert's file as
19 requested by Plaintiff's counsel.

20 When defense counsel sought to depose Plaintiff and issued a notice of deposition
21 several days beforehand, Plaintiff's counsel refused to confirm Plaintiff's availability and
22 instead filed an objection to the deposition notice on the night before the deposition. Dkt.

---

[1] Plaintiff's counsel asserted, somewhat equivocally, that his staff contacted defense counsel before April 2, 2008 to arrange for the meetings and exchanges required by the Order. But Plaintiff's counsel has provided no evidence to support this assertion, and the emails attached to Defendant's motion clearly suggest otherwise. Dkt. #41, Ex. 1. Moreover, Plaintiff's counsel conceded that he did not exchange drafts of the PFPO by April 2 as required by the Court and that he first produced his draft of the PFPO on April 16, the day the joint PFPO was due to the Court.

#18. This tactic necessitated a conference call with the Court, an order requiring Plaintiff to appear for his deposition, and an extension of the discovery schedule in this case. Dkt. # 22.

Plaintiff's counsel failed to comply with the schedule set for the briefing of motions in limine. The Order required that such motions be filed by April 16, 2008, with responses to be filed "on or before **April 23, 2008**." Dkt. #40, ¶ 7 (emphasis in original). Defendant filed a timely motion seeking to preclude all evidence (Dkt. #41), but Plaintiff did not respond until May 2, 2008. Dkt. #46.

Plaintiff's counsel has even refused to follow the Court's orders on small matters. In an order dated March 4, 2008, the Court specifically directed Plaintiff's counsel to comply with the font and type size requirements of the Court's local rules. Dkt. #39, n. 1. Despite this admonition, Plaintiff has continued to disregard the local rule. *See, e.g.,* Dkt. #46.

The Court recognizes that granting Defendant's motion and precluding Plaintiff from presenting evidence at trial would be tantamount to dismissal of Plaintiff's claims with prejudice. Rule 41 of the Federal Rules of Civil Procedure provides that a district court may dismiss a complaint with prejudice for a party's failure to comply with a court order. Fed. R. Civ. P. 41(b); *see Yourish v. Cal. Amplifier*, 191 F.3d 983, 986-88 (9th Cir. 1999) (holding that plaintiff's noncompliance with a minute order confirming stipulations to amend complaint justified dismissal with prejudice under Rule 41(b)); *McHenry v. Renne*, 84 F.3d 1172, 1177-80 (9th Cir. 1996) (affirming dismissal of third amended complaint under Rule 41(b) where plaintiffs failed to comply with Rule 8 and a court order); *Ferdik v. Bonzelett*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (affirming dismissal of complaint where plaintiff failed to comply with order).

The Ninth Circuit has identified five factors to be considered when determining whether a dismissal sanction is appropriate: (1) the public's interest in expeditious resolution of the litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir.

1987)); *see Yourish*, 191 F.3d at 990; *Ferdik*, 963 F.2d at 1260-61. The Court will consider each of these five factors.

First, the public's interest in expeditious resolution of litigation favors the granting of Defendant's motion. Plaintiff had ample notice of the requirements to prepare for trial and failed to do so. As a result, the Court was not able to conduct a final pretrial conference on the date specified. To move forward with this case, the Court would have to start the pretrial process anew and require the parties to prepare a joint PFPO in preparation for yet another final pretrial conference. Given the hundreds of cases competing for the Court's time, such delay would not foster the public's interest in expeditious resolution of litigation.

Second, the Court clearly needs to manage its docket. The District of Arizona is one of the busiest in the United States. This Court enters specific and demanding orders, like the Order in this case, precisely for the purpose of managing its large docket. If parties were allowed to disregard the Court's orders and the deadlines and requirements they establish, management of the Court's docket would quickly become impossible. This factor favors granting Defendant's motion.

Third, Defendant would be prejudiced if the Court went forward with trial on the basis of the untimely and incomplete participation by Plaintiff. Defendant would also be prejudiced by further delay of this case and by the requirement that it engage in trial preparation a second time. This factor favors granting Defendant's motion.

Fourth, public policy clearly favors disposition of cases on their merits. That objective has been accomplished in part in this case. The Court's order regarding summary judgment disposed of a portion of this case on the merits. Dkt. #39. With respect to the remaining portion of this case, the public policy favoring disposition on the merits would not be served by granting Defendant's motion. This factor weighs against granting the motion.

Fifth, the Court has considered less drastic sanctions. The Court could permit the parties to start the pretrial process again, or could permit Plaintiff to use the evidence that was untimely disclosed. Doing so, however, would effectively impose no sanction at all. The Court could require Plaintiff or his counsel to pay the costs incurred by Defendant as a

1 result of Plaintiff's non-compliance, but this would not correct the delay in management of
2 the Court's docket, nor would it adequately account for Plaintiff's blatant disregard of a clear
3 order, specific deadlines, and precise consequences. Plaintiff could not have been advised
4 more clearly of the need to comply with the Order and of the consequences of failing to
5 comply. Given that clear warning and Plaintiff's complete disregard of the trial preparation
6 process, the Court concludes that a less drastic sanction is not appropriate. This view is
7 informed in part by the other failures of Plaintiff's counsel to comply with the Court's orders,
8 as set forth above.[2]

9 Considering all of these factors, the Court concludes that Defendant's motion should
10 be granted. The Court takes no pleasure in this decision. The Court prefers that cases be
11 resolved on the merits and recognizes that the effect of this order is to enter judgment against
12 Plaintiff on the remaining inaccessibility claims of his complaint. But "[i]n these days of
13 heavy case loads, trial courts . . . set schedules and establish deadlines to foster the efficient
14 treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 379 F.3d 1097,
15 1103 (9th Cir. 2004). "Parties must understand that they will pay a price for failure to
16 comply strictly with scheduling and other orders[.]" *Id*.

17 The Court will be true to its word. Plaintiff may not present any witness or exhibit
18 at trial that was not disclosed on the schedule and in the form required by the Court's Order.
19 Dkt. #40. Because Plaintiff failed to identify any evidence as required by the Court, this
20 sanction will preclude Plaintiff from presenting any evidence at trial. As a result, Plaintiff
21 fails to satisfy his burden of proof and this matter must be dismissed with prejudice.

---

24 [2]"[I]t is not always necessary for the court to impose less serious sanctions first."
25 *Valley Eng'rs*, 158 F.3d at 1057; *see McHenry*, 84 F.3d at 1178 ("The district judge should
26 first consider less drastic alternatives, but 'need not exhaust them all before finally dismissing a case.'"). The five factors are simply "a way for a district judge to think about
27 what to do, not a series of conditions precedent before the judge can do anything[.]" *Valley Eng'rs*, 158 F.3d at 1057. Indeed, the court need not make explicit findings to show that it
28 has considered the factors. *See Yourish*, 191 F.3d at 990; *Ferdik*, 963 F.2d at 1261.

- 8 -

**IT IS ORDERED:**

1. Defendant's Motion to Exclude Plaintiff's Trial Exhibits Pursuant to Court's Order (Dkt. #41) is **granted**.
2. Defendant's Motion to Exclude Plaintiff's Expert (Dkt. #42) is **denied as moot.**
3. This matter is **dismissed with prejudice** pursuant to Rule 41(b) and Plaintiff's failure to satisfy his burden of proof.
4. The Clerk is directed to **terminate** this action.

DATED this 9th day of May, 2008.

David G. Campbell
United States District Judge